IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Winston Harris, | ) | C/A No. 0:12-2912-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

    The petitioner, Winston Harris ("Harris"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 17.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 19.) Harris filed a response in opposition. (ECF No. 21.) Having carefully considered the parties' submissions and the record in this case, the court finds that Harris's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

    Harris was indicted in June 2001 in Greenwood County for armed robbery, assault and battery of a high and aggravated nature ("ABHAN"), and possession of a weapon during a violent crime (2001-GS-24-709). Harris was represented by E. Charles Grose, Jr., Esquire, and on March 5-8, 2002 was tried by a jury and found guilty as charged. (App. at 775, ECF No. 18-6 at 125.) The circuit court sentenced Harris to twenty-five years' imprisonment for armed robbery, five years'

imprisonment for ABHAN to be served concurrently, and five years' imprisonment for possession of a weapon during the commission of a violent crime to be served consecutively. (App. at 789, ECF No. 18-6 at 139.)

Harris timely appealed and was represented by Wanda H. Haile, Esquire, who filed an Anders[1] brief on Harris's behalf. (ECF No. 18-8.) Harris filed a *pro se* response to the Anders brief. (ECF No. 18-9.) On February 25, 2004, the South Carolina Court of Appeals dismissed Harris's appeal. (State v. Harris, Op. No 2004-UP-120 (S.C. Ct. App. Feb. 25, 2004), ECF No. 18-10.) Harris filed a *pro se* petition for rehearing (ECF No. 18-14), which was denied on May 21, 2004 (ECF No. 18-15). The remittitur was issued on June 29, 2004. (ECF No. 18-16.)

Harris filed a *pro se* application for post-conviction relief on August 2, 2004 ("2004 PCR"). (Harris v. State of South Carolina, 04-CP-24-867, App. at 827-46, ECF No. 18-7 at 27-46.) On October 23, 2006, the PCR court held an evidentiary hearing at which Harris appeared and testified and was represented by John Compton, III, Esquire. By order filed December 1, 2006, the PCR court denied and dismissed Harris's PCR application with prejudice. (App. at 867-70, ECF No. 18-7 at 67-70.)

Harris filed a second *pro se* application for post-conviction relief on October 2, 2008 ("2008 PCR"). (Harris v. State of South Carolina, 08-CP-24-1135, App. at 871-77, ECF No. 18-7 at 71-77.) The parties signed a consent order of dismissal filed November 3, 2009 that dismissed Harris's 2008

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



PCR application with prejudice and gave Harris leave to file a belated petition to seek appellate review of his 2004 PCR application pursuant to Austin v. State.² (App. at 880-81, ECF No. 18-7 at 80-81.)  On November 18, 2009, Harris filed a motion asking the court to rescind the consent order of dismissal and allow him to continue to litigate his 2008 PCR application.  (App. at 883-84, ECF No. 18-7 at 82-84.)  Following a hearing held on March 9, 2010, the PCR court denied Harris's motion by order dated April 2, 2010, but held that Harris was still entitled to pursue a belated appeal as stated in the consent order of dismissal.  (App. at 914-15, ECF No. 18-7 at 114-15.)

Harris, represented by Appellate Defender Elizabeth Franklin-Best, Esquire, filed a petition for a writ of certiorari.  (ECF No. 18-19.)  Additionally, counsel for Harris filed a petition for a writ of certiorari pursuant to Austin v. State.  (ECF No. 18-17.) The State filed returns to both petitions.  (ECF Nos. 18-18 & 18-20.)  On August 20, 2012, the South Carolina Court of Appeals issued an order in which it granted the petition for a writ of certiorari pursuant to Austin v. State and, after Austin review, denied Harris's petition for a writ of certiorari from the final order in the 2004 PCR action.  (ECF No. 18-21.)  The remittitur was issued September 7, 2012.  (ECF No. 18-22.)  Harris filed the instant Petition for a writ of habeas corpus on October 4, 2012.³  (ECF No. 1.)

---

² Austin v. State, 409 S.E.2d 395 (S.C. 1991).  "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).

³ See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



## FEDERAL HABEAS ISSUES

Harris raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:** Did trial counsel render ineffective assistance when counsel failed to object to States closing argument that bolstered testimony of States key witness?
**Supporting facts:** During closing argument, the State made the following argument while referencing one of its key witnesses: "verge of trial, going forward, coming here, being with all of us—you heard his testimony. He said "when I put my hand on the bible, you see the real me," he gave it to you, ladies and gentlemen, and the only attack on cross-examination was something of a disagreement about his girlfriend, who is the sister of the defendant.

**Ground Two:** Ineffective assistance of PCR counsel
**Supporting facts:** Post-conviction counsel failed to argue that appellate counsel was ineffective for failing to argue on direct appeal prosecutorial misconduct where prosecutor bolstered the testimony of the States key witness by reference witness credibility by stating when I put my hand on the bible, you see the real me.

**Ground Three:** Ineffective assistance of appellate counsel
**Supporting facts:** Appellate counsel failed to brief and argue on direct appeal prosecutorial misconduct, and instead chose to do a anders brief, and fail to advise appellate of the procedures for a Anders brief.

(See ECF No. 1) (errors in original).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Statute of Limitations**

The respondent argues that Harris's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment



became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Harris filed a direct appeal, his conviction became final on June 29, 2004, the date the South Carolina Court of Appeals entered the remittitur.[4] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on June 30, 2004 and expired June 29, 2005, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Harris filed his first state PCR application on August 2, 2004. At that point, 33 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the 2004 PCR action. The PCR court filed its order dismissing Harris's petition on December 1, 2006. As no appeal was filed from this order, this decision became final on December 31, 2006—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR. See, e.g., Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001) (indicating that the statute

---

[4] Because Harris did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009 the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Harris's direct appeal.



of limitations is tolled pursuant to § 2244(d)(2) during the "Appeal Period," which is defined as "the interval between the lower court decision and the deadline for seeking review") (citing Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)). At this time, Harris had 332 days of statutory time remaining. Harris's limitations period expired on November 28, 2007.

Harris filed a second PCR application on October 2, 2008 ("2008 PCR"). However, this application did not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1) (A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Thus, Harris's PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action.

Pursuant to the consent order of dismissal, Harris was granted a belated appeal pursuant to Austin from his 2004 PCR application. However, the fact that Harris was granted a belated PCR appeal does not entitle him to toll the time between the PCR actions. See McHoney v. State of South Carolina, 518 F. Supp. 2d 700, 705 (D.S.C. 2007) (finding that no collateral action was "pending," as defined by the AEDPA, during the time between the state court's initial denial of the PCR application and the state court's allowance of a belated appeal of that PCR application and thus the AEDPA's limitations period was not tolled during this time); Hepburn v. Eagleton, C/A No. 6:11-cv-2016-RMG, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012) (same); see also Evans v. Chavis, 546 U.S. 189, 192 (2006) ("[T]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.")



(emphasis in original); Moore v. Crosby, 321 F. 3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."). Accordingly, Harris's statutory deadline expired on November 28, 2007.

Harris's federal Petition was filed on October 4, 2012—over four and a half years after the expiration of the statute of limitations.

**C.     Harris's Arguments**

In his opposition memorandum to the respondent's motion, Harris primarily presents arguments pertaining to the merits of his Petition. Harris fails to advance any argument or authority refuting the respondent's evidence regarding the untimeliness of his Petition and has not established grounds for equitable tolling. See Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

**RECOMMENDATION**

Based upon the foregoing, the court finds that Harris's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 17) be granted and Harris's Petition dismissed as untimely.

April 4, 2013
Columbia, South Carolina

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).