## UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Winston Harris, | ) | C/A No. 0:12-2912-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* petitioner, Winston Harris, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions for armed robbery, assault and battery of a high and aggravated nature, and possession of a weapon during a violent crime.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 4, 2013. The petitioner filed timely objections to the Report. Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner was tried by a jury and found guilty as charged and was sentenced to 35 years imprisonment. He filed an unsuccessful appeal which was denied and the remittitur was issued on June 29, 2004. On August 2, 2004, petitioner filed his first post-conviction relief application (PCR). The PCR was denied on December 1, 2006. Harris filed a second PCR on October 2, 2008. The parties signed a consent order of dismissal on November 3, 2009, dismissing the October 2008 PCR action and allowing Harris to file a belated appeal to seek appellate review under *Austin v. State*, 409 S.E.2d 395 (S.C. 1991), to review his 2004 PCR application. On April 2, 2010, the PCR court denied Harris's motion to rescind the consent order of dismissal, but held that he was still entitled to pursue a belated appeal.

The South Carolina Court of Appeals granted Harris's petition for writ of certiorari pursuant to *Austin v. State*, and after review, denied Harris's petition from the final order in the 2004 PCR. The remittitur was issued on September 7, 2012, and Harris filed the instant § 2254 petition on October 4, 2012.

In his present petition, Harris contends that (1) trial counsel rendered ineffective assistance when counsel failed to object to the State's closing argument; (2) PCR counsel rendered ineffective assistance of counsel by failing to argue that appellate counsel was ineffective for failing to argue prosecutorial misconduct in the direct appeal; and (3) appellate counsel rendered ineffective assistance of counsel.

2

In his motion for summary judgment, the respondent asserts that the petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214 (AEDPA). The one-year statute of limitations began to run on the date petitioner's convictions became final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Here, petitioner filed a direct appeal so his conviction became final on June 29, 2004. Because he did not seek certiorari from the South Carolina Supreme Court, Harris was not entitled to an additional tolled time of 90 days. Accordingly, the limitations period began to run on June 30, 2004 and expired on June 29, 2005, unless the period was tolled for any properly filed state PCR application.

Harris's first PCR was filed on August 2, 2004, leaving 33 days of non-tolled time since the statute of limitations began. That period was tolled during the pendency of his 2004 PCR action, which was dismissed on December 1, 2006. No appeal was taken from that order, thus the decision became final on December 31, 2006. From this date, Harris had 332 days of statutory time remaining, with the period expiring on November 28, 2007.

On October 2, 2008, Harris filed a second PCR. However, this application did not toll the statute of limitations because it was filed after the one-year statute of limitations expired on November 28, 2007. As the Magistrate Judge notes in her Report, state PCR hearings must commence prior to the expiration of the federal statutory period. 28 U.S.C. § 2244. Because it was not filed before the expiration of the statute of limitations, his second PCR did not toll or revive the already expired deadline.

3

As noted earlier in this order, Harris was granted a belated appeal from his 2004 PCR application under *Austin v. State*. However, because there was no pending collateral action during the time between the state court's initial denial of the PCR application and the state court's allowance of a belated appeal, the limitations period was not tolled and it expired on November 28, 2007.

The Magistrate Judge further opines that the petitioner has failed to advance any argument refuting the untimeliness of his petition and has failed to establish grounds for equitable tolling. In his objections to the Report, the petitioner merely states that he is entitled to equitable tolling due to his diligence and extraordinary circumstances. Petitioner has failed to establish that his petition is timely or that he is entitled to equitable tolling under *Pace v. DiGulielmo*, 544 U.S. 408, 414 U.S. 4, 8 (2000). Moreover, he cannot claim that his attorney's alleged mistake in advising him about the filing date for a federal habeas petition under the AEDPA is not an extraordinary circumstance to warrant equitable tolling.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference, and the petitioner's objections are overruled. Accordingly, the respondent's motion for summary judgment (ECF No. 17) is granted and the § 2254 petition is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

June 4, 2013                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."